New Jersey Department of Labor,
Workmen's Compensation Bureau.

JOHN ANSON WILSON, PETITIONER, v. TRENT HAT CORPORATION, RESPONDENT.

Decided May 2, 1940.

For the petitioner, *Abe Silverstein.*

For the respondent, *Arthur Mead.*

\*          \*          \*          \*          \*          \*          \*

The petitioner contends that on January 27th, 1939, by reason of his employment on a mixing machine, he inhaled dust and poisons and as a result sustained mercury poisoning causing necessity for medical treatment and temporary and permanent disability.

The respondent denied that the petitioner suffered any disability as a result of a compensable accident or occupational disease under the New Jersey Workmen's Compensation act and denied that it was requested to supply medical service.

In support of his claim the petitioner testified with respect to his work which he did, the conditions under which he worked, the products which he was called upon to handle and the development of certain complaints and symptoms so that he had to cease his work January 27th, 1939. He further testified with respect to the medical treatment which he received and the number of examinations which he under-

went. He also testified with respect to the development of his complaints and as to his present complaints.

On his behalf Dr. Jacob Silverstein testified that the petitioner was sent to him for treatment on February 23d, 1939, at which time he took a history and submitted specimens for laboratory examinations by a Mr. Asen. He also sent the petitioner to have an examination and diagnosis with respect to a condition of the petitioner's mouth. The laboratory findings reported the presence of mercury and the doctor undertook palliative treatments for a condition which he considered to be mercury poisoning of a chronic nature. At the same time the doctor made an X-ray test to determine whether or not there was any tuberculosis of the chest and although there was a hylar thickening he ruled out tuberculosis. He rendered treatment for a period of approximately six months. Subsequently laboratory examinations were made by Mr. Asen in November of 1939 which tests were negative for mercury.

\*      \*      \*      \*      \*      \*      \*

Dr. Roth, dentist, testified with respect to his findings from an examination of April 7th, 1939, and enumerated findings which he stated were diagnosed as stometitis which in his opinion from the history was caused by mercury. Lay witnesses testified in support of the petitioner's contention and other medical testimony was introduced.

On behalf of the respondent records of the City Hospital were introduced in evidence and Dr. Wojack testified with respect to history, examinations and findings made by him at the City Hospital. He stated in his opinion there were no findings to indicate mercury poisoning and enumerated the various complaints and history of symptoms given to him while the petitioner was a patient at the City Hospital.

Dr. Rathgeber testified that he was the plant physician and examined the petitioner in June of 1936 when the petitioner sought employment. He testified with respect to findings at that time and also testified that he examined the petitioner in March, 1939, at which time he made a diagnosis of vincentis infection of the mouth and expressed his opinion that the petitioner was not suffering from mercurial poisoning.

Dr. Brown testified with respect to blood and urine examinations made under his direction in March, 1939, and stated that he did not find evidence of mercury.

Dr. Lewis testified with respect to an examination made by him in September of 1939. He enumerated a great number of findings and referred to possible diagnosis indicated from the findings. When presented with a hypothetical question based upon the facts in the case, he stated in his opinion the petitioner did not have evidence of any permanent disability as a result of mercurial poisoning although from an assumption of some of the findings there could have been a temporary episode of mercury poisoning.

Dr. Dowd testified with respect to examinations made by him and enumerated findings indicating that there were a number of conditions involving the respiratory system, anatomical deformity, and congenital defects. He stated in his opinion the petitioner did not have any permanent disability as a result of mercurial poisoning.

Further testimony was introduced on behalf of the respondent and both parties rested.

I have considered the evidence before me and I have considered the medical reports introduced in evidence and the various exhibits and I am of the opinion that the petitioner in connection with his work for the respondent, while working as a mixer, was exposed to products which contained mercury and as a result he sustained mercurial poisoning. It appears from the testimony of Dr. Silverstein that the condition was considered by him to be a chronic condition yet it also appears that from a number of the findings that there was symptomatology of a recent or acute condition. I mention this fact because it appears that the petitioner previous to his employment with the respondent, had worked in a hat factory for approximately five years, had then obtained some outside employment for approximately a year and had then been employed by the present respondent.

I am satisfied that the petitioner did suffer acute mercury poisoning from his employment with the respondent when he worked as a mixer. I am further satisfied that the condi-

tion was such that medical treatment was required and it does appear that mercury was eliminated and there was improvement of his general physical condition. As a complication in considering his physical condition, it appears that he had congenital defects and pre-existing constitutional conditions which to a large measure contributed to the petitioner's subnormal health and ability. He appears to have a respiratory defect, a congenital defect present, evidence of an old rickets and organic neurologic signs indicative of spinal degenerative conditions.

I am satisfied that he does, however, have a disability as a result of mercury poisoning apart from these other conditions. These other conditions heretofore mentioned are unrelated to the mercury poisoning although they do contribute to the petitioner's disability, but were not aggravated or accelerated by same.

I find that the petitioner has sustained temporary disability from January 27th, 1939, to September 5th, 1939. I find the petitioner sustained permanent disability as a result of mercurial poisoning in the amount of twenty per cent. of total.

On the question of medical treatment, it appears that there was a duplication of treatment. It appears that the petitioner was sent to Dr. Silverstein and Dr. Silverstein undertook to and did treat the petitioner and checked up on his physical condition with respect to tuberculosis and other possible conditions. It appears that the respondent did have examinations in an endeavor to place itself in a position to try to determine the diagnosis in this case but treatment as rendered by Dr. Silverstein was necessary and proper and is, therefore, properly chargeable against the respondent. The petitioner was examined by Dr. Hirschberg on February 15th at his office and the doctor subsequently undertook treatment but there was no authorization for such treatment and the petitioner is therefore, responsible for same to the maximum amount of $50 as provided for in the Workmen's Compensation act. There is to be no charge against the respondent for this medical treatment owing to same being unauthorized.

It is, therefore, ordered, * * * that judgment be entered in favor of the petitioner and against the respondent. * * * * * * *

JOHN C. WEGNER,
*Deputy Commissioner.*